**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REGINALD JOHNSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-548** |
| **CBA HOME BUILDERS LLC, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Reginald Johnson and Anyiesa Johnson's ("Plaintiffs") Motion for Attorneys' Fees.[1] On September 11, 2026, the Court granted in part and denied in part Plaintiffs' Motion for Default Judgment.[2] The Court ordered Plaintiffs' counsel to submit additional briefing regarding the hourly rate requested and the number of hours expended so that the Court may consider this evidence in its evaluation of the reasonableness of the requested attorneys' fees.[3] In response, on September 25, 2026, Plaintiffs filed the instant motion for attorney's fees.[4] Plaintiffs seek an award of attorneys' fees and costs totaling $15,390.50.[5] For the reasons discussed below, Plaintiffs have satisfied their burden of showing that the proposed award of attorneys' fees and costs is reasonable. However, Plaintiffs have not shown that the award should be supplemented based on anticipated attorneys' fees and costs associated with the

[1] Rec. Doc. 33.

[2] Rec. Doc. 31.

[3] Rec. Doc. 32.

[4] Rec. Doc. 33-1.

[5] Rec. Doc. 33 at 2.

enforcement of the default judgment. Therefore, considering the motion, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

On March 1, 2024, Plaintiffs entered into a building agreement with Defendant CBA Home Builders, Inc. ("CBA") for the construction of a residence.[6] On February 12, 2025, Plaintiffs sent Defendants a termination letter for breach of contract after CBA allegedly failed to perform in accordance with the building agreement.[7] The contract provided that if an action is brought for breach of contract, the prevailing party would be entitled to damages, including attorney's fees and costs.[8]

On March 20, 2025, Plaintiffs filed a Complaint in this Court against CBA Homebuilders, LLC, Lionel Nelson, Dramatic Homes, and Kewa Short, asserting a claim for breach of contract.[9] On June 3, 2025, Defendants CBA Homebuilders, LLC, Lionel Nelson, Kewa Short, and Dramatic Homes were served with the Complaint.[10] On July 11, 2025, Plaintiffs filed Motions for Entry of Default against Defendants CBA Homebuilders, LLC, Lionel Nelson, Kewa Short, and Dramatic Homes.[11] On July 15, 2025, the Clerk of Court granted Plaintiff's Motions for Entry of Default.[12]

---

[6] Rec. Doc. 23 at 2.

[7] *Id.* at 5.

[8] Rec. Doc. 33-1 (noting that paragraph twenty-four of the agreement provided that "[i]n the event that legal action is brought to enforce or interpret any term of this Agreement, the prevailing Party will be entitled to recover, in addition to any other damages or award, all reasonable legal costs and fees associated with the action").

[9] Rec. Doc. 1.

[10] Rec. Docs. 10, 11, 12.

[11] Rec. Docs. 14, 15, 16, 17.

[12] Rec. Doc. 18.

On December 2, 2025, Plaintiffs filed the first Motion for Default Judgment, seeking default judgment against Nelson only.[13]

On December 30, 2025, Plaintiffs filed a Motion for Leave of Court to File an Amended Complaint to substitute CBA Homebuilders, LLC, with CBA Home Builders, Inc.[14] On January 2, 2026, this Court granted Plaintiff's Motion for Leave to File an Amended Complaint.[15] On February 3, 2026, Defendant CBA Home Builders, Inc. was served with the Amended Complaint.[16]

On January 23, 2026, this Court denied Plaintiffs' first Motion for Default Judgment, concluding that default judgment should not be entered against Lionel Nelson ("Nelson") only because the named defendants were allegedly jointly liable.[17] On March 30, 2026, Plaintiffs filed a Motion to Dismiss Defendants Kewa Short and Dramatic Homes without prejudice.[18] On April 2, 2026, this Court granted Plaintiff's Motion, dismissing Kewa Short and Dramatic Homes.[19]

On April 7, 2026, Plaintiffs filed a Motion for Entry of Default as to Defendant CBA.[20] On April 8, 2026, the Clerk of Court granted Plaintiff's Motion for Entry Default.[21] On April 27, 2026,

---

[13] Rec. Doc. 19.

[14] Rec. Doc. 20.

[15] Rec. Doc. 22.

[16] Rec. Doc. 26.

[17] Rec. Doc. 25.

[18] Rec. Doc. 27.

[19] Rec. Doc. 28.

[20] Rec. Doc. 29.

[21] Rec. Doc. 30.

Plaintiffs filed a Motion for Default Judgment, seeking default judgment against Defendants CBA and Nelson.[22] On September 11, 2026, the Court granted the motion for default judgment against CBA Home Builders, Inc., deferred ruling on awarding attorneys' fees until Plaintiffs submitted additional briefing, and denied the motion for default judgment against Nelson.[23] The Court granted Plaintiffs leave of Court to amend its claim against Nelson.[24]

On September 25, 2026, Plaintiffs filed the instant Motion for Attorneys' Fees,[25] along with a report detailing legal services performed,[26] the declaration of Plaintiffs' counsel Darleene D. Peters,[27] and the declaration of Plaintiffs' counsel Gabrielle C. Broders.[28]

## II. Plaintiffs' Arguments

Plaintiffs argue that the motion and supporting documentation justify attorneys' fees in the amount of $14,464.00 and costs in the amount of $926.50, an award totaling $15,390.50.[29] They also request permission to supplement this amount as additional attorneys' fees and costs are incurred associated with enforcing the default judgment accrue.[30]

---

[22] Rec. Doc. 31.

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 33.

[26] Rec. Doc. 33-2.

[27] Rec. Doc. 33-3.

[28] Rec. Doc. 33-4.

[29] Rec. Doc. 33 at 2.

[30] Rec. Doc. 33-1 at 3.

To determine whether proposed attorneys' fees are reasonable, Plaintiffs recommend the Court use the federal lodestar method, which calculates the number of hours worked by the reasonable hourly rate.[31] Specifically, they request awarding lead counsel Darleene D. Peters ("Peters") an hourly rate of $350 for 29.0 hours worked, and associate Gabrielle C. Broders ("Broders") an hourly rate of $240 for 17.1 hours worked.[32] As it relates to Peters, Plaintiffs argue her requested $350 hourly rate is reasonable based on her twenty-eight years of practicing law and her experience litigating cases similar to this matter,[33] as recognized by courts in this District in comparable cases.[34] As it relates to Broders, Plaintiffs contend her $240 hourly rate is reasonable based on her five years of experience as an associate and her extensive efforts on this matter.[35]

Plaintiffs' counsel provide a breakdown of the hours expended in this litigation, their efforts to exercise billing judgment, and the voluntary reductions applied to their fees.[36] Plaintiffs contend that these measures demonstrate the reasonableness of the hours expended and the conservative nature of their requested hourly rates.[37] Plaintiffs represent that counsel voluntarily reduced their total fees by thirty-seven percent, from $22,909.00 to $14,464.00.[38] For these

---

[31] *Id.*

[32] *Id.* at 4–5, 8.

[33] *Id.*; Rec. Doc. 33-3 at 1.

[34] Rec. Doc. 33-1 at 5; *see, e.g.*, *Jones v. Flowers Foods, Inc.*, No. 21-1858, 2022 WL 1813897, at *4 (E.D. La. June 2, 2022).

[35] Rec. Doc. 33-1 at 5–6; Rec. Doc. 33-4 at 1–2.

[36] Rec. Doc. 33-1 at 4–8.

[37] *Id.*

[38] *Id.* at 7.

reasons, Plaintiffs maintain that the hours billed are reasonable, and a further reduction is not warranted.[39]

Finally, Plaintiffs seek to recover the costs incurred in litigating this matter.[40] In support of their request, Plaintiffs provide documentation reflecting filing fees in the amount of $405.00,[41] service-of-process fees totaling $443.50,[42] and $78.00 in fees for the legal research required to confirm Defendant's corporate status.[43]

## III. Legal Standard

When a federal district court is sitting in diversity and state law supplies the rule of decision, "[s]tate law controls both the award of and the reasonableness of fees awarded."[44] The district court's discretion in awarding attorneys' fees "must be exercised within the bounds of applicable state law."[45] In this case, Plaintiffs have brought breach of contract claims under Louisiana law, so Louisiana law applies to the awarding of attorneys' fees.[46] Louisiana law allows

---

[39] *Id.* at 8–9 (noting that analyzing the factors expounded in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) is not necessary).

[40] *Id.* at 9.

[41] Rec. Doc. 33-1 at 9; Rec. Doc. 33-2 at 2.

[42] Rec. Doc. 33-1 at 9; Rec. Doc. 33-2 at 3.

[43] Rec. Doc. 33-1 at 9; Rec. Doc. 33-2 at 9, 11, 17, 25.

[44] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *Walker Int'l Holdings, Ltd. v. Repub. of Congo*, 415 F.3d 413, 415 (5th Cir. 2005).

[45] *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011) (quoting *Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981)).

[46] *Metro Serv. Grp., Inc. v. Waste Connections Bayou, Inc.*, No 21-1136, 2022 WL 17830466, at *4–5 (E.D. La. Dec. 21, 2022).

parties to recovery attorneys' fees only "where authorized by statute or contract,"[47] and the contract must specifically provide for attorneys' fees.[48] Courts in Louisiana "may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law."[49]

The crux of a federal district court's analysis is reasonableness. A reasonable hourly rate is determined "according to the prevailing market rates in the relevant community" for attorneys of similar experience in similar cases,[50] as well as "multiply[ing] the hours worked by an hourly rate the Court deems to be reasonable."[51] In reaching its conclusion of whether a requested rate reasonably reflects "rates actually charged in the community," federal district courts consider both federal and state cases.[52] When considering the reasonableness of a calculated hours award, the Louisiana Supreme Court in *State Department of Transportation and Development v. Williamson* set forth ten factors: "(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's

---

[47] *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 190 (5th Cir. 1980).

[48] *Maloney v. Oak Builders, Inc.*, 235 So. 2d 386, 390 (La. 1970).

[49] *State Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441–42 (La. 1992).

[50] *Covington v. McNeese State Univ.*, 2012-2182, p. 9 (La. 5/7/13), 118 So. 3d 343, 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[51] *Metro Serv. Grp.*, 2022 WL 17830466, at *6 (quoting *GMAC Com. Mortg. Corp. ex rel. LaSalle Nat'l Bank v. Chateau DeVille Apartments P'ship*, No. 02-1845, 2003 WL 21674467, at *2 (E.D. La. July 16, 2003)).

[52] *Receivables Exch., LLC v. Advanced Tech. Servs.*, No. 14-668, 2015 WL 2372434, at *4 (E.D. La. May 18, 2015).

own knowledge."[53] Ultimately, the trial court applies discretion in determining the reasonable awarding of attorneys' fees.[54]

## IV. Analysis

First, Plaintiffs are entitled to recover an award of reasonable attorneys' fees pursuant to the express terms of the parties' contract. The General Service Agreement between the parties stated that "[i]n the event that legal action is brought to enforce or interpret any term of this Agreement, the prevailing Party will be entitled to recover, in addition to any other damages or award, all reasonable legal costs and fees associated with the action."[55] Because the Court granted Plaintiffs' motion for default judgment on their breach of contract claims against CBA Home Builders, Inc.,[56] Plaintiffs are the prevailing parties within the meaning of the agreement, and thus, Plaintiffs are entitled to recover attorneys' fees.

### *A. Reasonableness of Requested Hourly Rate*

Next, the Court considers the reasonableness of Plaintiffs' requested hourly rates. Plaintiffs have requested an hourly rate of $350 for lead counsel Peters.[57] Courts in this District have routinely awarded senior attorneys with twenty or more years of experiences rates of $350–$400

---

[53] *Williamson*, 597 So. 2d at 442. Some courts in this district apply the twelve *Johnson* factors that result in a similar analysis. *See La. Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. 19-12948, 2025 WL 580009, at *5 (E.D. La. Feb. 21, 2025).

[54] *Metro Serv. Grp.*, 2022 WL 17830466, at *6; *Rayne Mem'l United Methodist Church v. Church Mut. Ins. Co., S.I.*, No. 23-4129, 2026 WL 2294385, at *4 (E.D. La. Aug. 10, 2026).

[55] Rec. Doc. 1-1 at 6.

[56] Rec. Doc. 32 at 23.

[57] Rec. Doc. 33-1 at 4.

per hour.[58] Peters has practiced law for approximately twenty-eight years and is a partner at the firm. Further, CBA has not responded to this motion or challenged the reasonableness of Peters' requested hourly rate.[59] Plaintiffs' requested rate of $350 per hour for Peters falls at the lower end of the range approved by courts in this District for attorneys with comparable experience. Therefore, Peters' hourly rate is reasonable.

Plaintiffs also seek an hourly rate of $240 for associate attorney Broders.[60] Courts in this district have recently approved hourly rates ranging from $200 to $275 for mid-level associates with five to six years of experience.[61] Broders has practiced law for approximately five years, and her requested hourly rate falls within the range approved for attorneys with similar experience. Further, CBA has not responded to this motion or challenged the reasonableness her requested hourly rate.[62] For these reasons, Broders' requested hourly rate is reasonable.

### *B. Reasonableness of Hours Expended*

---

[58] *Metro Serv. Grp.*, 2022 WL 17830466, at *8 (finding an hourly rate of $350 reasonable for a litigator with over twenty years of experience); *Jones*, 2022 WL 1813897, at *4 (finding an hourly rate of $389 reasonable for an attorney with thirty years of experience); *Kingsbery v. Paddison*, No. 20-3192, 2022 WL 393564, at *2 (E.D. La. Feb. 9, 2022) (finding an hourly rate of $375 reasonable for a partner with thirty years of experience).

[59] Rec. Doc. 33-3 at 1.

[60] Rec. Doc. 33-1 at 5.

[61] *Rayne Mem'l United Methodist Church*, 2026 WL 2294385, at *7 (finding an hourly rate of $250 reasonable for an attorney with six years of experience); *La. Newpack Shrimp, Inc.*, 2025 WL 580009, at *8 (adopting a Magistrate Judge's finding that an hourly rate of $275 was reasonable for an associate with six years of experience); *Metro Serv. Grp.*, 2022 WL 17830466, at *8 (finding an hourly rate of $200 reasonable for an associate with five to six years of experience).

[62] Rec. Doc. 33-4 at 1.

Additionally, the Court must determine whether the hours expended by Plaintiffs' counsel demonstrates "reasonable billing judgment."[63] In the instant motion, Plaintiffs have supported their requested hours with a comprehensive billing report detailing their time worked and services performed.[64] The report demonstrates that Plaintiffs' attorneys exercised billing judgment in this matter by working efficiently and preemptively reducing their requested hours. For example, counsel did not bill Plaintiffs for the hours summer associates spent researching legal issues, and they do not include costs associated with incorrect service efforts.[65] In total, Plaintiffs' attorneys document working a total of 119.40 hours on this matter, but counsel billed a total of 46.10 hours.[66] Additionally, CBA has not responded to this motion or challenged the hours requested by Plaintiffs requested as excessive or redundant. Because Plaintiffs provided the Court with detailed billing records and voluntarily reduced their hours, Plaintiffs have demonstrated reasonable billing judgment, and their hours should not be reduced further.[67]

### *C. Calculating the Final Award*

Finally, the attorneys' fee award is determined by multiplying the reasonable number of hours worked by the reasonable hourly rate. Peters billed 29.0 hours at an hourly rate of $350, resulting in $10,150.00 in fees.[68] Broders billed 17.1 hours at an hourly rate of $240, resulting in

---

[63] *Covington*, 118 So. 3d at 349–50.

[64] Rec. Doc. 33-2.

[65] Rec. Doc. 33-1 at 7.

[66] Rec. Doc. 33-1 at 8.

[67] *See Jones*, 2022 WL 1813897, at *5 (noting that establishing billing judgment requires "submit[ting] documentation of the hours charged as well as those written off as unproductive, excessive, or redundant").

[68] *Id.* Plaintiffs incorrectly calculated Peters' award to be $10,360.00, which is why their proposed total attorneys' fees award is $14,464.00.

$4,104.00 in fees.[69] The total reasonable attorneys' fee award is $14,254.00. Considering the relatively modest award and the lack of any fact of consequence weighing against the awarding of attorneys' fees, the Court need not apply the *Williamson* factors to reduce or increase the award.

***D. Expenses***

In addition to attorneys' fees, Plaintiffs request an additional $926.50 for costs associated with this matter.[70] These costs are supported by receipts and invoices submitted by Plaintiffs.[71] Given that Plaintiffs are the prevailing party and the costs are reasonable for a default judgment, the costs should be awarded.[72]

***E. Supplementing Costs for Judgment Enforcement***

Plaintiffs also request leave to supplement their attorneys' fee award to account for additional costs and fees anticipated in connection with enforcing the default judgment. Although the General Service Agreement provides for the recovery of reasonable attorneys' fees and costs associated with an action to enforce the Agreement, Plaintiffs have not yet identified the additional services that may be required to enforce the judgment or provided documentation establishing the amount of any anticipated fees or costs. As such, the Court cannot presently determine whether such fees and costs are recoverable under the Agreement or reasonable. The Court therefore denies Plaintiffs' request to supplement the award at this time, without prejudice

[69] *Id.*

[70] Rec. Doc. 33-1 at 9.

[71] Rec. Doc. 33-1 at 9; Rec. Doc. 33-2 at 2, 3, 9, 11, 17, 25.

[72] Fed. R. Civ. P. 54(d).

to their ability to seek additional attorneys' fees and costs actually incurred in connection with enforcement of the judgment, to the extent authorized by the agreement and applicable law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys Fees is **GRANTED IN PART and DENIED IN PART**. Plaintiffs' request to supplement the award for anticipated attorneys' fees and costs associated with the enforcement of the default judgment is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs are awarded reasonable attorneys' fees in the amount of $14,254.00, and costs in the amount of $926.50 against Defendant CBA Homebuilders, Inc.

**NEW ORLEANS, LOUISIANA** this 10th day of November, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**